**F I L E D**
CLERK, U.S. DISTRICT COURT

APR 21, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rrp _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| **DEANNA SULLIVAN,** *individually and as successor in interest to* **DAVID PATRICK SULLIVAN,** *deceased,* | **Case No.: SACV 20-01732-CJC(ADSx)** |
| **Plaintiff,** | |
| v. | **JURY INSTRUCTIONS** |
| **CITY OF BUENA PARK, OFFICER BOBBY COLON, and OFFICER JENNIFER TRAN,** | |
| **Defendants.** | |

//
//
//
//

-1-

# COURT'S INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you have received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# COURT'S INSTRUCTION NO. 2

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decisions on all of the evidence, regardless of which party presented it.

# COURT'S INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits that are admitted into evidence;

3.      Any facts to which the lawyers have agreed; and

4.      Any facts that I may instruct you to accept as proved.

# COURT'S INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence, any agreed upon facts, and any facts that I may instruct you to accept as proved.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.     Anything you have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

# COURT'S INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# COURT'S INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    The opportunity and ability of the witness to see or hear or know the things testified to;

2.    The witness's memory;

3.    The witness's manner while testifying;

4.    The witness's interest in the outcome of the case, if any;

5.    The witness's bias or prejudice, if any;

6.    Whether other evidence contradicted the witness's testimony;

7.    The reasonableness of the witness's testimony in light of all the evidence; and

8.    Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what

happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# COURT'S INSTRUCTION NO. 7

The parties have agreed to certain facts.  You must therefore treat these facts as having been proved.

At the time of their encounter with David Patrick Sullivan (who I will call "Mr. Sullivan") on August 19, 2019, Officer Bobby Colon (who I will call "Officer Colon") and Officer Jennifer Tran (who I will call "Officer Tran") were acting under color of state law.

At the time of their encounter with Mr. Sullivan on August 19, 2019, Officer Colon and Officer Tran were acting in the course and scope of their employment with the City of Buena Park.

# COURT'S INTSTRUCTION NO. 8

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded, and the deposition of that person may be used at the trial.  Insofar as possible, you should consider deposition testimony in the same way as if the witness were testifying in court.

1
2

**COURT'S INSTRUCTION NO. 9**

3

4        You have heard testimony from Scott DeFoe, George Williams, and Etoi

5   Davenport who testified to opinions and the reasons for their opinions.  This opinion

6   testimony is allowed because of the education or experience of these witnesses.

7

8        Such opinion testimony should be judged like any other testimony.  You may

9   accept it or reject it and give it as much weight as you think it deserves, considering the

10  witness's education and experience, the reasons given for the opinion, and all the other

11  evidence in the case.

# COURT'S INSTRUCTION NO. 10

The plaintiff in this case, Deanna Sullivan (who I will refer to as "the plaintiff"), brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprive another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

# COURT'S INSTRUCTION NO. 11

In order to prevail on her § 1983 claim against Officer Colon and Officer Tran, the plaintiff must prove each of the following elements by a preponderance of the evidence:

    1.      The officers acted under color of state law; and

    2.      The acts of either or both of the officers deprived Mr. Sullivan of his rights under the United States Constitution, as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Officer Colon and Officer Tran acted under color of state law during their encounter with Mr. Sullivan.

The plaintiff claims the acts of each officer deprived Mr. Sullivan of his rights under the Fourth Amendment to the United States Constitution.  I will now instruct you on what the plaintiff must prove to establish that the officers' acts deprived Mr. Sullivan of his rights under the Fourth Amendment.

# COURT'S INSTRUCTION NO. 12

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  The plaintiff claims there was an unreasonable seizure when the officers shot Mr. Sullivan.  In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive or unreasonable force in making a lawful arrest or in defending his or herself or others.  Therefore, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officers used excessive or unreasonable force against Mr. Sullivan.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.   Although the facts known to an officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether an officer used excessive or unreasonable force in this case, consider all of the circumstances known to the officer on the scene, including:

1.      The nature of the crime or other circumstances known to the officer at the time force was applied;

2.      Whether the officer reasonably believed that Mr. Sullivan posed an immediate threat of death or serious bodily injury to the officer or to others;

3.      Whether Mr. Sullivan was actively resisting arrest or attempting to evade arrest by flight;

4.      The amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.      The type and amount of force used;

6.      The availability of alternative methods to take Mr. Sullivan into custody or to subdue Mr. Sullivan;

7.      The officer's tactical conduct and decisions before using force on Mr. Sullivan;

8.      The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

9.      Whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given;

10.     Whether it should have been apparent to the officer that the person he used force against was emotionally disturbed;

11.     Whether a reasonable officer would have or should have accurately perceived a mistaken fact;

12.   Whether there was probable cause for a reasonable officer to believe that Mr. Sullivan had committed a crime involving the infliction or threatened infliction of serious physical harm;

13.   Whether Mr. Sullivan disobeyed lawful commands given for the safety of the officer or others, including Mr. Sullivan; and

14.   Whether Mr. Sullivan engaged in dangerous or erratic behavior that reasonably caused the officer to perceive a threat.

# COURT'S INSTRUCTION NO. 13

The plaintiff also brings a wrongful death claim based on battery under state law. The plaintiff claims that the officers harmed Mr. Sullivan by using unreasonable force under state battery law.  To establish this claim, the plaintiff must prove all of the following:

1.   That an officer intentionally shot Mr. Sullivan or caused Mr. Sullivan to be shot;

2.   That the officer used unreasonable force to arrest Mr. Sullivan or to defend his or herself or others;

3.   That Mr. Sullivan did not consent to the use of that force;

4.   That Mr. Sullivan died; and

5.   That the officer's use of unreasonable force was a substantial factor in causing Mr. Sullivan's death.

A police officer may use reasonable force to arrest or detain a person when the officer has reasonable cause to believe that that person has committed a crime.  Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

In deciding whether an officer used unreasonable force, you must consider all of the circumstances and determine the amount of force that would have appeared

reasonable to a police officer in the officer's position under the same or similar circumstances.   You should consider, among other factors, the following:

    a.    The seriousness of the crime at issue;

    b.    Whether the officer reasonably believed that Mr. Sullivan posed an immediate threat of death or serious bodily injury to the officer or to others;

    c.    Whether Mr. Sullivan was actively resisting arrest or attempting to evade arrest; and

    d.    The officer's tactical conduct and decisions before using force on Mr. Sullivan.

    A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

# COURT'S INSTRUCTION NO. 14

The plaintiff also brings a wrongful death claim based on negligence under state law.  The plaintiff claims that Mr. Sullivan was harmed by the officers' negligence. Negligence is the failure to use reasonable care to prevent harm to oneself or to others. To establish her wrongful death claim based on negligence, the plaintiff must prove all of the following:

1. That an officer was negligent by using excessive or unreasonable force;

2. That Mr. Sullivan died; and

3. That the officer's negligence was a substantial factor in causing Mr. Sullivan's death.

# COURT'S INSTRUCTION NO. 15

In deciding whether the officers were negligent by using excessive or unreasonable force, you must consider all of the circumstances and determine what force a reasonable police officer in the officers' position would have used under the same or similar circumstances.  A police officer may use reasonable force to arrest or detain a person when the officer has reasonable cause to believe that that person has committed or is committing a crime.  Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.  An officer may use only that degree of force necessary to accomplish the arrest or to defend his or herself or others.  Among the factors to be considered are the following:

1.    Whether the officer reasonably believed that Mr. Sullivan posed an immediate threat of death or serious bodily injury to the officer or to others;

2.    The seriousness of the crime at issue;

3.    Whether Mr. Sullivan was actively resisting arrest or attempting to avoid arrest by flight; and

4.    The officer's tactical conduct and decisions before using force on Mr. Sullivan.

# COURT'S INSTRUCTION NO. 16

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**COURT'S INSTRUCTION NO. 17**

An officer's battery or negligence may combine with another factor to cause harm. If you find that an officer's battery or negligence was a substantial factor in causing Mr. Sullivan's death, then the officer is responsible for the harm.  An officer cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Mr. Sullivan's death.

# COURT'S INSTRUCTION NO. 18

The defendants assert that Mr. Sullivan's own negligence contributed to his death. To succeed on this defense, the defendants must prove both of the following:

      1.     That Mr. Sullivan was negligent; and

      2.     That Mr. Sullivan's negligence was a substantial factor in causing his death.

A person can be negligent by acting or by failing to act. A person is negligent if he does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. A person being arrested or detained has a duty not to resist an officer unless the officer is using unreasonable force.

You must decide how a reasonably careful person would have acted in Mr. Sullivan's situation.

# COURT'S INSTRUCTION NO. 19

If you find in favor of the plaintiff, you must determine compensatory damages. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by Officer Colon or Officer Tran.  The plaintiff has the burden of proving damages by a preponderance of the evidence.

You should consider the following as to the plaintiff's damages:

1. The mental, physical, and emotional pain and suffering experienced by Mr. Sullivan;

2. The loss of life experienced by Mr. Sullivan;

3. The plaintiff's loss of Mr. Sullivan's love, companionship, comfort, care, protection, affection, society, and moral support.  In determining this loss, do not consider:

    a. The plaintiff's grief, sorrow, or mental anguish;

    b. Mr. Sullivan's pain and suffering;

    c. The poverty or wealth of the plaintiff; or

    d. Any emotional distress that the plaintiff has suffered arising from litigating or participating in this case.

It is for you to determine what damages, if any, the plaintiff has proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

No fixed standard exists for deciding the amount of the plaintiff's damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

## COURT'S INSTRUCTION NO. 20

In determining damages for the plaintiff, you should take into account how long she will probably live, as well as how long Mr. Sullivan would probably have lived.

The plaintiff is 56 years old.  According to the National Vital Statistics Report, a 56-year-old female is expected to live another 28.2 years.

Mr. Sullivan was 19 years old at the time of his death.  According to the National Vital Statistics Report, a 19-year-old male is expected to live another 58 years.

These are the average life expectancies.  Some people live longer and others die sooner.  This published information is evidence of how long a person is likely to live but is not conclusive.  In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle, and occupation.

## COURT'S INSTRUCTION NO. 21

The law that applies to this case authorizes an award of nominal damages.  If you find that the plaintiff has proved her causes of action but has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

## COURT'S INSTRUCTION NO. 22

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

# COURT'S INSTRUCTION NO. 23

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO. 24

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website, or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## COURT'S INSTRUCTION NO. 25

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## COURT'S INSTRUCTION NO. 26

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.