Humberto M. Guizar, Esq., (SBN 125769)
  *hguizar@ghclegal.com*
Kent Henderson, Esq (SBN139530)
  *hendolaw@gmail.com*
Christian Contreras, Esq., (SBN 330269)
  *ccontreras@ghclegal.com*
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
3500 W. Beverly Blvd.,
Montebello, California 90640
Telephone: (323) 725-1151; Facsimile: (323) 597-0101

Gary A. Dordick, Esq. (SBN 128008)
  *Dordicklaw@aol.com*
Robert B. Reagan (SBN 299445)
  *Bobby@dordicklaw.com*
**DORDICK LAW CORPORATION**
509 S Beverly Dr,
Beverly Hills, CA 90212
Tel: 310-551-0949; Fax: 855-299-4444

Attorneys for Plaintiff,
DEANNA SULLIVAN

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA SULLIVAN, Individually, and as Successor in Interest to DAVID PATRICK SULLIVAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF BUENA PARK, a legal subdivision of the State of California; BOBBY COLON, an individual; JENNIFER TRAIN, an individual, and DOES 1 through 10, inclusive,<br><br>        Defendants. | **Case No.: 8:20-cv-01732-CJC-ADS**<br>*[Honorable District Judge Cormac J. Carney]*<br><br>**PLAINTIFF'S MOTION TO DISMISS FEDERAL CLAIMS PURSUANT TO FRCP 41(a)(2) AND REQUEST FOR REMAND; MEMORANDUM OF POINTS AND AUTHORTIES**<br><br>**DATE:** June 6, 2022<br>**TIME:** 8:00 AM<br>**CTRM:** 9B<br><br>**Action Filed: August 26, 2020** |

i

**PLAINTIFF'S MOTION TO DISMISS FEDERAL CLAIMS PURSUANT TO FRCP 41(a)(2)**

**TO THE HONORABLE COURT, DEFENDANTS, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on June 6, 2022, at 8:00 a.m., or as soon thereafter as the matter may be called in Courtroom 9B of the above-entitled Court, located at Ronald Reagan Federal Building and United States Courthouse 411 West Fourth Street, Santa Ana, California, 92701, Plaintiff Deanna Sullivan, will and hereby does move to dismiss the federal claims in this case pursuant to Fed. R. Civ. P. 41(a)(2) and requests that this action be remanded.

This motion is made on the grounds that Fed. R. Civ. P. 41(a)(2) permits a Plaintiff to voluntarily dismiss an action so long if Defendants suffer no legal prejudice. Based upon Defendants not suffering any legal prejudice, this Court should dismiss this action without prejudice in order for Plaintiff to proceed with the state claims only in state court. Plaintiff is moving for a voluntary dismissal contingent on being remanded to state court.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on April 27, 2022. Defendants refused to stipulate to dismiss pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(ii) necessitating the filing of the instant motion.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the undisputed material facts, all evidence submitted in support of the motion, the pleadings and records on file with this court, any evidence of which the Court may take judicial notice prior to or at the hearing of this matter, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

DATED: May 6, 2022                     **GUIZAR, HENDERSON & CARRAZCO, LLP**

By: _____
CHRISTIAN CONTRERAS
Attorneys for Plaintiff
DEANNA SULLIVAN



# TABLE OF CONTENTS

I.   INTRODUCTION..................................................................................1

II.  PERTINENT PROCEDURAL HISTORY....................................................1

III. LEGAL STANDARD............................................................................2

IV. ARGUMENT ........................................................................................2

   A. PLAINTIFF MOVES FOR A DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2)..................................................................................................2

   B. DEFENDANTS WILL NOT BE PREJUDICED BY THE DISMISSAL.......3

     1. Defendants Will Not Be Prejudiced by The Loss of Federal Forum.............3

     2. Any Potential Assertion of "Forum Shopping" is Inapplicable and the Case Law is Not Clear as to Whether Such is a Consideration.................................4

     3. Trial Preparation and Litigation Expenses do not Constitute Legal Prejudice. ...................................................................................................6

     4. All other Factors Further Establish that Defendants Will Not Suffer Legal Prejudice. ...................................................................................................6

     5. Even if Plaintiff filed this Case in Federal Court Originally, Voluntary Dismissal would not Result in Legal Prejudice..................................................7

     6. Examples of Legal Prejudice. .......................................................................8

V.  PLAINTIFF MOVES FOR VOLUNTARY DISMISSAL ON THE CONDITION THAT THIS CASE IS REMANDED TO STATE COURT................8

VI. CONCLUSION......................................................................................9



# TABLE OF AUTHORITIES

**Cases**                                                  **Page(s)**

*Acri v. Varian Assocs., Inc.*,
  114 F.3d 999 (9th Cir.1997) ............................................................................. 9

*Alexander v. Franklin Resources, Inc.*,
  2007 WL 518859 (N.D. Cal. Feb. 14, 2007) .................................................... 5

*Burnette v. Godshall*,
  828 F. Supp. 1439 (N.D. Cal. 1993) ................................................................. 6

*Carnegie–Mellon*,
  484 U.S. 350 n. 7 (1988). .................................................................................. 9

*Carrera v. First Am. Home Buyers Prot. Co.*,
  2012 WL 13012698 (C.D. Cal. Jan. 24, 2012) ................................................. 5

*City of Chicago v. Int'l Coll. of Surgeons*,
  522 U.S. 156 (1997) .......................................................................................... 9

*Durham v. Florida East Coast Railway Co.*,
  385 F.2d 366 (5th Cir. 1967) ............................................................................ 3

*Hamilton v. Firestone Tire & Rubber Co.*,
  679 F.2d 143 (9th Cir. 1982) .................................................................... 3, 4, 6

*Hyde & Drath v. Baker*,
  24 F.3d 1162 (9th Cir. 1994) ............................................................................ 7

*Jaramillo v. City of Los Angeles*,
  2017 WL 2835046 (C.D. Cal. June 29, 2017) ................................................. 6

*Kern Oil & Refining Co. v. Tenneco Oil Co.*,
  792 F.2d 1380 (9th Cir.1986) .................................................................... 4, 5, 6

*Kurin, Inc. v. Magnolia Med. Techs., Inc.*,
  2021 WL 5823707 (9th Cir. Dec. 8, 2021) ...................................................... 6

*Mendoza v. Valley Transportation, Inc.*,
  2022 WL 624869 (E.D. Cal. Mar. 3, 2022) .................................................. 7, 8

*Phillips v. Illinois Cent. Gulf R.R.*,
  874 F.2d 984 (5th Cir. 1989) ............................................................................ 8

*Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*,
  548 F.3d 738 (9th Cir. 2008) ............................................................................ 2

*Smith v. Lenches*,
  263 F.3d 972 (9th Cir. 2001) ................................................................. 1, 2, 4, 8

*Souch v. Howard*,
  27 F. App'x 793 (9th Cir. 2001) ....................................................................... 9

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*,
  889 F.2d 919 (9th Cir. 1989) ......................................................................... 2, 4

*Terrovona v. Kincheloe*,
  852 F.2d 424 (9th Cir. 1988) ............................................................................ 6

*Tibbetts By & Through Tibbetts v. Syntex Corp.*,
   996 F.2d 1227, 1993 WL 241567 (9th Cir. 1993) .................................................. 8
*Westlands Water Dist. v. United States*,
   100 F.3d 94 (9th Cir. 1996) ...........................................................................*Passim*
*Wilson v. City of San Jose*,
   111 F.3d 688 (9th Cir. 1999) ................................................................................ 2
*Wireless Consumers*,
   2003 WL 22387598 ............................................................................................. 5
*Zanowick v. Baxter Healthcare Corp.*,
   850 F.3d 1090 (9th Cir. 2017) ......................................................................... 3, 4

**Statutes**

28 USC § 1367 ............................................................................................................. 7
28 U.S.C. § 1367(a) ..................................................................................................... 9

**Rules**

Federal Rule of Civil Procedure 41(a) ......................................................................... 2
Federal Rule of Civil Procedure 41(a)(1) .................................................................... 2
Federal Rule of Civil Procedure 41(a)(2) ............................................................*Passim*
Federal Rule of Civil Procedure 41(a)(1)(A)(ii) ................................................. 2, 1, 8

# MEMORANDUM OF POINTS AND AUTHORIES

## I. INTRODUCTION

This is a civil rights action stemming from the unnecessary and tragic death of DAVID SULLIVAN on August 19, 2019 by Buena Park police officers Jennifer Tran and Bobbly Colon.

The instant motion is brought because defense counsel refused to stipulate this action pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(ii). Therefore, Plaintiff moves the Court for an order of dismissal pursuant to Fed. R. Civ. Proc. 41(a)(2). Plaintiff seeks a dismissal in order to proceed with this action in state court with state claims only.

As discussed below, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Defendants will not suffer any legal prejudice if this action is dismissed. Further, Plaintiff conditionally moves the court on the condition that this case be remanded back to state court.

Accordingly, Plaintiff respectfully requests that this Court grant Plaintiff's motion.

## II. PERTINENT PROCEDURAL HISTORY

Plaintiff filed this action in Orange County Superior Court on August 26, 2020. (Dkt. 1).

Defendants removed this case on September 10, 2020. (Dkt. 1).

This Court denied in part and granted in part Defendants' motion for summary judgment as well as denying qualified immunity on January 13, 2022. (Dkt. 33).

This Court denied Defendants' motion for reconsideration on February 10, 202. (Dkt. 45).

A jury trial was held starting on April 19, 2022 and ending on April 26, 2022. (Dkts. 84, 147).

The jury was deadlocked and a mistrial was declared. (Dkt. 147).

## III. LEGAL STANDARD

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted); *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) ("[T]he district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal."). Granting or denying a Rule 41(a)(2) dismissal is within the district court's sound discretion. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

## IV. ARGUMENT

### A. PLAINTIFF MOVES FOR A DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2).

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer, but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal of an "action" must be affected through Federal Rule of Civil Procedure 41(a)(2). *See* Fed. R. Civ. Pro. 41(a); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1999). Rule 41(a)(2) provides in pertinent part: "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Such court-ordered voluntary dismissals are deemed to be without prejudice "[u]nless the order states otherwise..." Fed. R. Civ. P. 41(a)(2).

Here, based upon Defendants' refusal to stipulate to dismiss the federal claims, Plaintiff moves this Court for an order pursuant to Fed. R. Civ. P. 41(a)(2) dismissing

the federal claims in this case without prejudice. Plaintiff moves the court on the condition that remand occur. Plaintiff will proceed with this case in state court without any federal claims.

Furthermore, as discussed in more detail below, Defendants will suffer no legal prejudice if the federal claims are dismissed. Accordingly, Plaintiff's motion should be granted.

**B. DEFENDANTS WILL NOT BE PREJUDICED BY THE DISMISSAL.**

Despite that Ninth Circuit "case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The Ninth Circuit has held that "legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

The Ninth Circuit explained that "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation ... causes uncertainty" does not result in plain legal prejudice. *Id.* at 96–97. Nor does legal prejudice "result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* Clearly, plain legal prejudice does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some sort tactical advantage. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967); 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice P 41.05(1), at 41-72 to -73 (2d ed. 1981).

**1. Defendants Will Not Be Prejudiced by The Loss of Federal Forum.**

Defendants will likely assert legal prejudice by contending that they will be prejudiced because dismissal would result in loss of a federal forum. However, binding authority makes it clear that "while a change from federal to state court might create a tactical disadvantage to [defendant], that [is] not legal prejudice." *Zanowick*

1  *v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 n.2 (9th Cir. 2017); *Smith v.*
2  *Lenches*, 263 F.3d 972, 976 (9th Cir. 2001)

3  In *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) the Ninth Circuit ruled
4  that district court did not abuse its discretion in dismissing under Rule 41(a)(2)
5  plaintiff's complaint with prejudice to preclude plaintiff from asserting the claims in
6  another forum, and dismissing without prejudice defendant's counterclaim. The Ninth
7  Circuit noted that the moving party "was entitled to abandon the federal class action
8  and federal claims after deciding that litigation on state law claims in state court was
9  preferable for the interests of the class." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir.
10 2001).

11 Here, like in *Lenches*, Plaintiff has decided that litigating and trying the state
12 law claims in state court is what Plaintiff desires. Even if Plaintiff seeking to proceed
13 in state court based on a preference of trying this case in state court is considered a
14 cognizable tactical advantage to Plaintiff, it does not amount to legal prejudice.
15 A tactical advantage to Plaintiff does not constitute legal prejudice to Defendants.

16 Further, the loss of federal forum is also not legal prejudice especially
17 considering that Plaintiff filed this action in state court and it was Defendants who
18 removed this case. (Dkt. 1). Therefore, similarly to *Lenches*, Plaintiff seeks to litigate
19 this case in state court and Defendants will not suffer legal prejudice.

20 **2. Any Potential Assertion of "Forum Shopping" is Inapplicable and the**
21 **Case Law is Not Clear as to Whether Such is a Consideration.**

22 In the event Defendants also argue that Plaintiff is "forum shopping," some
23 published cases in the Ninth Circuit with respect to voluntary dismissals make no
24 mention of "forum shopping." *See Westlands Water District v. United States*, 100
25 F.3d 94 (9th Cir. 1996); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143 (9th
26 Cir. 1982); *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090 (9th Cir. 2017);
27 *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919 (9th Cir. 1989).

28 However, *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389–

90 (9th Cir.1986) appears to be one of the only published Ninth Circuit opinions discussing forum shopping.

Nevertheless, "forum shopping" is not applicable here. Plaintiff is simply dismissing her federal claims completely and solely and only proceeding with state claims in state court. Indeed, forum shopping could reasonably be inferred if the plaintiff files the same or similar case represented by the same law firm in a different district after receiving unfavorable rulings there. *See Carrera v. First Am. Home Buyers Prot. Co.*, No. CV 11-10242-GHK (FFMx), 2012 WL 13012698, at *6 (C.D. Cal. Jan. 24, 2012); *see also Alexander v. Franklin Resources, Inc.*, No. C 06–7121 SI, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14, 2007). "[E]vidence of plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in the context of [the interests of justice] and would often make the transfer of venue proper." *Wireless Consumers All.*, 2003 WL 22387598, at *5.

Here, Plaintiff is not seeking a voluntary dismissal to avoid "particular precedent from a particular judge." In fact, this Court has already ruled on the motion for summary judgment, denied qualified immunity, and even denied a motion for consideration all showing that Plaintiff is not seeking a voluntary dismissal to avoid rulings from this Court. To the contrary, this Court has been the model jurist throughout all the proceedings in this case including throughout trial.

Furthermore, *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389–90 (9th Cir.1986) is one of the only published Ninth Circuit discussing forum shopping in the Fed. R. Civ. P. 41(a)(2) context. In *Kern Oil & Refining Co.* the Ninth Circuit affirmed the district court's finding that "'Tenneco's [moving party] repeated requests to be allowed to dismiss Count IV without prejudice were made for the purpose of avoiding Judge Marshall and this Court and having the same claim heard by Judge Waters; thus, they constitute impermissible forum shopping.'" 792 F.2d 1380, 1389 (9th Cir. 1986). Indeed, the Ninth Circuit found that "[t]he circumstances of this case support the district court's finding that Tenneco was forum shopping. *Id.*

Here, this case is completely disanalogous to *Kern Oil & Refining Co.* Unlike the Plaintiffs in *Kern Oil & Refining Co.,* Plaintiff here is not voluntarily dismissing to avoid litigating this case before a specific judge. The facts in *Kern Oil & Refining Co.* are completely distinguishable to our case. Accordingly, any assertion of forum shopping is unsupported by fact or law.

### 3. Trial Preparation and Litigation Expenses do not Constitute Legal Prejudice.

If Defendants assert that they will be prejudiced because they have begun trial preparation for the subsequent trial, such assertion is also not legal prejudice. Plain legal prejudice is not established merely by asserting that a party has begun trial preparations. *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982). Legal prejudice does not result "when the dismissal may cause [the] defendant to incur substantial expense in preparing for trial." *Jaramillo v. City of Los Angeles*, No. CV161227DMGAFMX, 2017 WL 2835046, at *1 (C.D. Cal. June 29, 2017) (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993)).

Here, this case has already been tried once in federal court. However, there is no legal prejudice simply because trial preparation have begun and Defendants will incur substantial expense preparing for trial. Litigation expenses are inherent in every case.

### 4. All other Factors Further Establish that Defendants Will Not Suffer Legal Prejudice.

All other factors further cement that Defendants will not suffer legal prejudice. First, a district court may consider whether the plaintiff has asked for a voluntary dismissal to avoid a likely adverse ruling. *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *see also Kurin, Inc. v. Magnolia Med. Techs., Inc.*, No. 21-55025, 2021 WL 5823707, at *2 (9th Cir. Dec. 8, 2021). Here, there are no pending motions which can expose Plaintiff to an adverse ruling and as discussed above in the forum shopping section, Plaintiff has not been subjected to any adverse ruling. In fact, again,

6
**PLAINTIFF'S MOTION TO DISMISS FEDERAL CLAIMS PURSUANT TO FRCP 41(a)(2)**

ruled on the motion for summary judgment, denied qualified immunity, and even denied a motion for consideration. Therefore, Plaintiff is not seeking a voluntary dismissal to avoid a likely adverse ruling.

Next, in *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994), as amended (July 25, 1994), the Ninth Circuit stated that a district court properly identified legal prejudice when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud. Here, no such reasoning is applicable in this case. All defendants in this case will not proceed in the federal case and will only proceed with the state case. Discovery will proceed in due course at the state level and all Defendants will be given an opportunity to engage in discovery dependent on the deadlines in state court.

Finally, "in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense. *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir. 1996).

Here, Plaintiff will request a jury trial in the state court action and Defendants will also be able to request a jury trial so Defendants will not lose their right to a jury trial. Also, there will be no loss of a statute of limitation defense since this action was timely filed and the filing of the state court action has been tolled. *See* 28 USC Section 1367. Defendants have no other defenses. Therefore, Defendants will not suffer legal prejudice in that regard.

**5. Even if Plaintiff filed this Case in Federal Court Originally, Voluntary Dismissal would not Result in Legal Prejudice.**

"On the other hand, there was no legal prejudice when a plaintiff abandoned federal claims to pursue analogous securities fraud claims in state court, even though defendants lost the procedural protections afforded by plaintiff's federal claims originally brought under the Private Securities Litigation Reform Act." *Mendoza v.*

*Valley Transportation, Inc.*, No. 121CV01786DADSAB, 2022 WL 624869, at *2 (E.D. Cal. Mar. 3, 2022) (citing *Smith*, 263 F.3d at 976). "The Ninth Circuit has allowed a litigant to abandon its federal lawsuit to pursue a parallel state court lawsuit following a change in state law." *Id.* (citing *Smith*, 263 F.3d at 974–76).

Here, even if Plaintiff filed this case in federal court originally, voluntary dismissal in that circumstance would not amount to legal prejudice. Further, this is also not a situation where Plaintiff is seeking to pursue this matter in state court due to a "change in law." However, even if such was the case, Defendants would not suffer any legal prejudice. *See Smith*, 263 F.3d at 974–76. Further, Plaintiff did not file this action in federal court, Defendants removed this action. (Dkt. 1). Plaintiff filed this action in Orange County Superior Court. Therefore, Plaintiff seeks to try this matter where she originally filed it.

**6. Examples of Legal Prejudice.**

For example, the Ninth Circuit has found that there was legal prejudice when (i) a voluntary dismissal resulted in a defendant losing a complete statute of limitations defense by having to defend a new lawsuit in another state where the statute of limitations has not run, *Tibbetts By & Through Tibbetts v. Syntex Corp.*, 996 F.2d 1227, 1993 WL 241567 at *2 (9th Cir. 1993) (unpublished) (citing *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989)), and (ii) "the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud." *Westlands*, 100 F.3d at 97.

**V.     PLAINTIFF MOVES FOR VOLUNTARY DISMISSAL ON THE CONDITION THAT THIS CASE IS REMANDED TO STATE COURT.**

Plaintiff moves this Court for voluntary dismissal on the condition that this case be remanded to state court. Foremost, Fed. R. Civ. Proc. 41(a)(1)(A)(ii) makes no reference to situation where state claims are also alleged. What Fed. R. Civ. Proc. 41(a)(1)(A)(ii) does mention is that an ". . . action may be dismissed at the plaintiff's

request only by court order, **on terms that the court considers proper**. . ." (Emphasis added). Plaintiff submits that dismissing the federal claims and remanding this case back to state court is a term that is proper under the circumstance based upon Plaintiff first filing this case in state court, Plaintiff seeking to try this case in state court, and Defendants suffering zero legal prejudice.

Furthermore, this Court should not exercise supplemental jurisdiction over the state claims. Courts may exercise supplemental jurisdiction over state-law claims that form part of the same case or controversy as the federal claims. *See* 28 U.S.C. § 1367(a). Even if a state claim forms part of the same case or controversy, a court may decline to hear the claim if it "substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id*. at § 1367(c)(2). Supplemental "jurisdiction is a doctrine of discretion," *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997), and several factors influence whether a court should exercise supplemental jurisdiction: "economy, convenience, fairness and comity." *Acri v. Varian Assocs., Inc*. 114 F.3d 999, 1001 (9th Cir.1997).

Here, Plaintiff requests that this court not exercise supplemental jurisdiction over the state law claims. Economy, convenience, fairness and comity favor Plaintiff because all that will occur is Plaintiff simply retrying this case in state court as opposed to federal court. There is no evidence that Defendants will be subjected to unfairness

Accordingly, the interests of economy, convenience, fairness and comity favor that this Court not exercise supplemental jurisdiction. When all federal claims have been dismissed before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state-law claims. *See Souch v. Howard,* 27 F. App'x 793, 795 (9th Cir. 2001) (citing *Carnegie–Mellon*, 484 U.S. 350 n. 7 (1988)).

### VI.   CONCLUSION

Based on the foregoing, Plaintiff respectfully request that this Court grant



Plaintiff's motion and remand this case back to state court.

DATED: May 6, 2022          **GUIZAR, HENDERSON & CARRAZCO, LLP**

By: _____
HUMBERTO GUIZAR
CHRISTIAN CONTRERAS
Attorneys for Plaintiff
DEANNA SULLIVAN



10
**PLAINTIFF'S MOTION TO DISMISS FEDERAL CLAIMS PURSUANT TO FRCP 41(a)(2)**